UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-22503-CIV-SEITZ/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEONARDO L. MATEU,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant's Motion to Dismiss [DE 5]. Defendant asserts that the Plaintiff's claim for failure to repay federal student loans should be dismissed because the statute of limitations has expired. Having reviewed the motion and the response, and the relevant legal authorities, Defendant's motion is denied.

**I.  Background**

Plaintiff brought this complaint for failure to repay federal student loans on October 10, 2006 [DE 1]. On October 18, 2006 Defendant sent a facsimile to Plaintiff which responded to the Complaint. Plaintiff then filed this facsimile on behalf of Defendant stating that it was Defendant's answer [DE 4]. Then, on November 28, 2006, Plaintiff filed another document on behalf of Defendant also stating that it was Defendant's answer [DE 5].[1] Included in the second answer was a motion to dismiss based upon the expiration of the statute of limitations.

**II.  Analysis**

Defendant's motion should be dismissed for two reasons. First, his assertion that the statute

---

[1] Because the second answer filed in this case is styled as an answer with Defendant's signature, it shall be treated as the Answer in this case.

of limitations has run is an affirmative defense under Fed. R. Civ. P. 8(c) and cannot be raised as a Rule 12(b) motion under the facts of this case.  *Mooney v. Tallant*, 397 F. Supp. 680, 681 (D. Ga. 1975) (holding that unless a complaint shows on its face that the limitations period has run, it cannot be raised in a motion to dismiss.)  Here, the face of the Complaint gives no indication that the statute of limitations has expired.

Second, and more importantly, even if Defendant were allowed seek dismissal of the Complaint on statute of limitations grounds, his motion would still be denied because the Higher Educational Technical Amendments of 1991 eliminated the statute of limitations for student loan collections in 20 U.S.C. § 1091 (a) (Supp. 1981).  *United States v. Tepperberg*, 2005 U.S. Dist. LEXIS 35188, * 3 (N.D. Fla. June 22, 2005)  Thus, Defendant's motion to dismiss has no meritorious basis.

### III.    Conclusion

For the reasons set forth herein, it is hereby

ORDERED that Defendant's Motion to Dismiss [DE 5] is DENIED.

DONE AND ORDERED in Miami, Florida this <u>23rd</u> day of January, 2007.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     Leonardo L. Mateu, *pro se*
        Counsel of Record